Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/02/2026 08:08 AM CDT

Tobias S. Gay, appellant, v. Board of Engineers
and Architects, appellee.

___ N.W.3d ___

Filed July 2, 2026.    No. S-25-002.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.

2. **____: ____: ____.** When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Judgments: Statutes: Rules of the Supreme Court: Appeal and Error.** For purposes of construction, Nebraska Supreme Court rules are treated like statutes, and therefore an appellate court independently reviews the conclusion of a lower court.

4. **Constitutional Law: Due Process.** The determination of whether the procedures afforded to an individual comport with the constitutional requirements for procedural due process presents a question of law.

5. **Administrative Law: Appeal and Error.** An issue that has not been presented in the petition for judicial review has not been properly preserved for consideration by the district court.

6. **Courts: Rules of the Supreme Court: Appeal and Error.** Under Neb. Ct. R. § 6-1518(B) (rev. 2025), a statement of errors shall be filed only in appeals from the county court to the district court.

7. **Due Process: Notice.** Due process does not guarantee an individual any particular form of state procedure. Instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it.

8. **Administrative Law: Due Process: Notice: Evidence.** In proceedings before an administrative agency or tribunal, procedural due process requires notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board.

Appeal from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Affirmed.

Clark J. Grant, of Grant & Grant, for appellant.

Michael T. Hilgers, Attorney General, and Benedict Kinnison for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Per Curiam.

## INTRODUCTION

Tobias S. Gay appeals from the district court's judgment on review from a disciplinary action by Nebraska's Board of Engineers and Architects (Board). The court imposed the same disciplinary action as the Board: revocation of Gay's licenses and a prohibition on his applying for licensure for 5 years. Gay argues that the Board violated his due process rights and that the disciplinary action was excessive. We affirm.

## BACKGROUND

### Petition and Notice

The Board filed a "Petition for Disciplinary Action and Notice of Hearing" and served it upon Gay. The petition alleged the following facts:

In Gay's license renewal application, he set forth that he had "satisfied the mandatory continuing education requirements." Gay's license renewal application was randomly selected for a continuing education audit. As part of the audit, Gay was required to submit a continuing education log and attendance

verification detailing his continuing education for the relevant time period. Gay submitted a log identifying 19 web-based courses taken, along with 19 unsigned certificates of completion. However, the attendance report obtained by the Board indicated that Gay did not attend courses on three reported dates and that the total number of hours he claimed was double the actual hours for the courses. Subsequently, the Board asked Gay to provide signed certificates of completion.

Gay informed the Board that he had spoken with the courses' sponsor, whom Gay stated told him that "the number discrepancies [were] an error and he [would] get that fixed," and that the sponsor would provide Gay with signed certificates of completion. Gay later provided the Board with a revised log and 19 certificates of completion with the sponsor's "wet signature." However, the Board's investigation revealed that the sponsor's practice was to provide certificates with digital signatures, that the sponsor never "wet-signed" any certificates of completion, and that the sponsor did not speak with Gay as Gay had claimed.

The petition charged Gay with providing false evidence to maintain his licenses, which constituted grounds for disciplinary action under Neb. Rev. Stat. § 81-3444 (Reissue 2024). It also set forth that Gay was subject to a prior disciplinary settlement agreement that concerned his competency on two projects in which he provided services beyond his licensure. Pursuant to the settlement agreement, those matters could be considered for disciplinary purposes in the event of any future violation within 5 years. The petition set forth that Gay's alleged violations were within that 5-year period.

The petition further provided that a hearing would be conducted on the petition for disciplinary action "during which evidence will be received[,] and a decision will be made as to whether disciplinary action should be taken."

The included notice of hearing provided in full: "**YOU AND EACH OF YOU ARE HEREBY NOTIFIED** that [the Board]

will call up for hearing its Petition for Disciplinary Action before [the Board] on Friday, May 17, 2024, at 9:00 a.m., or as soon thereafter as counsel may be heard."

## BOARD HEARING

At the commencement of the hearing, the hearing officer stated that the hearing would be conducted in accordance with the Board's promulgated rules and that the rules of evidence would not apply to the hearing because neither party had requested such. The hearing officer also set forth the order in which evidence would be presented, that each party would have the opportunity to cross-examine the others' witnesses, and that each party would have the opportunity to make a closing argument.

The hearing officer asked whether Gay was "represented by counsel today?" Gay replied, "I'm just representing myself today. I have no counsel." The hearing officer then inquired if the parties were ready to proceed. The Board's counsel responded affirmatively and was granted permission to call the Board's first witness. The bill of exceptions contains no response from Gay.

The Board elicited testimony from the compliance officer who handled Gay's audit, introduced related exhibits, and introduced an affidavit from the courses' sponsor, which, together, established the facts set forth above.

Upon being asked, Gay did not cross-examine the compliance officer and did not object to the receipt of the sponsor's affidavit. Regarding the affidavit, the bill of exceptions reflects the following: "[Board attorney:] I do have an affidavit I'd like to submit from [the courses' sponsor]. [Hearing officer:] Okay. [Board attorney:] And that's been identified as Exhibit 9. [Hearing officer:] Okay. Exhibit is received."

Gay then testified in his own defense. He asserted that he left course sessions "a couple [of] times early" because he had a meeting to attend. Gay stated he assumed that attendance was

taken at the end of the course, not at the beginning, contending this caused the attendance discrepancies. Gay also testified that the Board had "all the evidence right there" and that he "can't deny it." He concluded that he made a "terrible mistake in judgment and shouldn't have done what [he] did by jacking up the hours," adding, "[A]ll I can say is I apologize to the [B]oard for doing it."

In his closing argument, Gay challenged the matters underlying the settlement agreement and asserted that he signed the agreement because he did not have the money to pay counsel to challenge the allegations. He concluded by again acknowledging that the Board had a "paper trail" proving the current allegations and stating that the conduct alleged "was just a stupid error in judgment."

## Board's Order and Disciplinary Action

The Board found that Gay falsified and forged certificates to the Board to maintain his licenses, which constituted 19 violations of Neb. Rev. Stat. § 81-3442(1)(f) (Reissue 2024) ("[g]ive any false or forged evidence . . . to the [B]oard") and § 81-3442(1)(j) ("[v]iolate the [Engineers and Architects Regulation Act]"), as well as various rules and regulations promulgated by the Board. The Board also found that under the prior disciplinary settlement agreement, these violations were future violations "within a period of five (5) years," such that the matters underlying the agreement could be considered for disciplinary purposes.

The Board ordered that Gay's licenses to practice architecture and professional engineering be revoked, that Gay be ineligible to apply for licensure for a period of 5 years, and that any subsequent application or request for reissuance must meet any requirements then established by the Board under Neb. Rev. Stat. § 81-3443(5) (Reissue 2024) ("[a]pplication for the reissuance of a license shall be made in such a manner as the [B]oard directs").

## Petition for Review and
## Statement of Errors

Gay, now represented by counsel, timely petitioned for judicial review of the Board's disciplinary order.[1] In the petition, he "submit[ted] that the [5-]year revocation of [his] license[s] [was] excessive under the circumstances of the offense." The Board filed an answer denying that allegation.

The bill of exceptions from the agency proceeding was filed on July 24, 2024. On July 31, Gay filed a statement of errors denoting four "issues": The Board erred (1) by taking excessive disciplinary action; (2) by "failing to advise [Gay] of his rights and potential penalties[,] thereby violating [his] right to due process"; (3) in determining that Gay was ineligible to apply for licensure for 5 years; and (4) in failing to consider suitable evidence of reform.

## District Court Judgment

Addressing Gay's due process claim, the district court first found that the claim was not properly before it because Gay failed to include it in his petition for review. The court relied on precedent of this court interpreting § 84-917(2)(b)(vi) to require the petition for review to include the issues for review. The district court determined that a court rule[2] requires appellants to file a statement of errors but concluded that the court rule does not supersede the statutory requirement of § 84-917(2)(b)(vi). Nevertheless, the court went on to address each of the issues Gay raised in his statement of errors.

As for Gay's due process argument, the court noted that § 81-3443(2) provides a respondent has the "right to appear personally with or without counsel, to cross-examine adverse witnesses, and to produce evidence and witnesses in his, her, or its defense" and that § 81-3443(3) provides the Board "shall"

---

[1] Neb. Rev. Stat. § 84-917(2)(a)(i) (Reissue 2024) ("within thirty days after the service of the final decision by the agency").

[2] See Neb. Ct. R. § 6-1518 (rev. 2025).

provide a copy of the complaint and notice of the time and place of the hearing. It determined:

> There are no other statutes, rules or regulations which govern the notice requirement to the respondent of a complaint and disciplinary action by the Board. Specifically, there is no statute, rule or regulation which requires the Board to specifically notify a respondent that he or she has the right to appear personally with or without counsel.

The court concluded that the Board had met its statutory notice requirements and had provided Gay with ample opportunity to be heard.

The court further concluded that Gay had waived his right to counsel. Reviewing the totality of the circumstances, the court found that Gay was "specifically asked who would be representing him, to which he competently replied that he would be representing himself." Additionally, the court noted that Gay "admitted" that he was familiar with the disciplinary process and had "approached counsel for representation on [the] prior complaint" underlying the settlement agreement. The court concluded that the record did not provide any evidence that Gay's due process rights were violated.

The court next found that Gay's dishonesty violated the Engineers and Architects Regulation Act and the Board's rules and regulations and that the 5-year suspension was "made upon lawful procedure and supported by substantial, competent, material evidence which was undisputed by Gay" and was "in no way arbitrary or capricious." The court also found that the Board was authorized to prohibit Gay from reapplying for a license for 5 years because under § 81-3444(2)(d), it could limit a licensee's right to practice "for such time and under such conditions as are found necessary and proper." Finally, the court found that the record showed no suitable evidence of reform.

The court affirmed the Board's order for discipline. Gay filed a timely appeal, and we moved this appeal to our docket on our own motion.[3]

## ASSIGNMENTS OF ERROR

Gay assigns, reordered and restated, that the district court erred in (1) determining that Gay's statement of errors would not be considered, (2) determining that due process did not require Gay to be advised of his procedural rights and potential penalties before the administrative hearing, (3) failing to consider suitable evidence of reform, and (4) imposing an excessive disciplinary action.

## STANDARD OF REVIEW

[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act (APA)[4] may be reversed, vacated, or modified by an appellate court for errors appearing on the record.[5] When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[6]

[3] When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.[7] For purposes of construction, Nebraska Supreme Court rules are treated like statutes, and

---

[3] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024); Neb. Ct. R. App. P. § 2-102(C) (rev. 2022).

[4] Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2024).

[5] *Hauxwell v. Middle Republican NRD*, 319 Neb. 1, 21 N.W.3d 34 (2025). See § 84-918(3).

[6] *Hauxwell v. Middle Republican NRD, supra* note 5.

[7] *American Exch. Bank v. Topp*, 321 Neb. 409, 35 N.W.3d 411 (2026).

therefore an appellate court independently reviews the conclusion of a lower court.[8]

[4] The determination of whether the procedures afforded to an individual comport with the constitutional requirements for procedural due process presents a question of law.[9] An appellate court independently reviews questions of law decided by a lower court.[10]

## ANALYSIS

We begin by addressing Gay's assignment that the court erred in concluding his statement of errors failed to properly present issues for review. We next turn to Gay's contention that the Board violated his due process rights. Finally, we address Gay's arguments that the disciplinary action taken was excessive.

### Preserving Issues on APA Review

Gay first takes issue with the district court's conclusion that his statement of errors was ineffective in preserving his claims and with the court's failure to consider the issues raised therein. We note that, despite the court's conclusion that the issues were not properly before it, in its written judgment, the court did consider and address each of the issues Gay raised in his statement of errors. In that respect, there is no merit to his first assignment.

[5] Nevertheless, Gay's assignment raises an issue that we have not previously addressed: whether a statement of errors displaces or satisfies the requirement of § 84-917(2)(b)(vi), which dictates that a petition for review must set forth the "petitioner's reasons for believing that relief should be granted." We have said that "[a]n issue that has not been presented in the

---

[8] *In re Claim of Roberts for Attorney Fees*, 307 Neb. 346, 949 N.W.2d 299 (2020).

[9] *Hauxwell v. Middle Republican NRD, supra* note 5.

[10] *Id.*

petition for judicial review has not been properly preserved for consideration by the district court."[11]

Gay argues that our prior holding was somehow modified by our 2023 amendment to § 6-1518. Currently, § 6-1518 provides in relevant part:

**Appeals from county court and other tribunals, including those pursuant to the [APA].**

. . . .

(B) Statement of errors.

Within 20 days of filing the bill of exceptions in an appeal to the district court, or if no bill of exceptions was requested, within 30 days of the filing of the notice of appeal, Appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned. This rule shall not apply to small claims appeals.

Gay argues that the title of court rule § 6-1518 requires compliance with § 6-1518(B) in APA reviews and that the rule displaces or satisfies the statutory requirement of § 84-917(2)(b)(vi). He contends that the rule allows counsel for an unrepresented party at the administrative hearing to raise issues on review when a record of the administrative proceeding is unavailable at the time the petition for review must be filed.[12] Gay's interpretation misreads § 6-1518(B).

---

[11] *Skaggs v. Nebraska State Patrol*, 282 Neb. 154, 161, 804 N.W.2d 611, 617 (2011). Accord *E.M. v. Nebraska Dept. of Health & Human Servs.*, 306 Neb. 1, 944 N.W.2d 252 (2020).

[12] See § 84-917(2)(a)(i) ("[p]roceedings for review shall be instituted by filing a petition . . . within thirty days after the service of the final decision by the agency").

Absent an indication to the contrary, language contained in a Supreme Court rule is to be given its plain and ordinary meaning.[13] Just as statutes relating to the same subject are in pari materia and should be construed together, Supreme Court rules should be read and construed together.[14] A court must attempt to give effect to all parts of a Supreme Court rule, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[15] An appellate court should try to avoid, if possible, the construction of a Supreme Court rule that would lead to an absurd result.[16]

Here, § 6-1518(B) plainly applies "in an *appeal* to the district court." (Emphasis supplied.) It does not indicate that it applies to *review proceedings* under the APA in district court.[17] Further, subsection (B) of § 6-1518 immediately follows subsection (A), which discusses "Bills of exceptions *from county court*." (Emphasis supplied.) Gay overlooks that "Bills of Exceptions From Other Tribunals," including those pursuant to the APA, are discussed in subsection (D) of § 6-1518.

[6] We now clarify that, under § 6-1518(B), a statement of errors shall be filed only in appeals from the county court to the district court. Subsection (B) is inapplicable to review proceedings under the APA. Instead, consistent with § 84-917(2)(b)(vi), the petition for review must set forth the "petitioner's reasons for believing that relief should be granted" to properly present and preserve an issue for consideration by the district court.

We recognize that, as Gay observes, the reality of needing to file a petition for review before the record of the administrative

---

[13] See *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018).

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] See *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 944-45, 902 N.W.2d 147, 153 (2017) ("APA proceeding in district court for review of a decision by an administrative agency is not an 'appeal'").

proceeding becomes available may cause some difficulty, particularly in situations like this one, where counsel on review was not involved with the administrative proceeding.

## Due Process

On appeal, Gay specifically assigns that the district court erred "in determining due process did not require the Board to advise Gay of his procedural rights before the Board and potential penalties which could result from the allegations." He points to § 81-3443(2), which provides, in part, that "[t]he accused shall have the right to appear personally with or without counsel, to cross-examine adverse witnesses, and to produce evidence and witnesses in his, her, or its defense." Gay argues that he was never advised of these rights and therefore could not knowingly and intelligently waive them.[18]

As discussed above, Gay did not properly preserve his due process challenge in the district court because he failed to include it in his petition for review. However, we have recognized that where an issue was not properly preserved but the district court still reviewed for plain error, the higher appellate court will likewise review for plain error.[19] Accordingly, despite Gay's failure to properly preserve his due process challenge, we conduct a plain error review. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[20]

[7] Due process is guaranteed by the U.S. and Nebraska Constitutions.[21] Due process principles protect individuals from arbitrary deprivation of life, liberty, or property without

---

[18] Cf. *State v. Bret*, 318 Neb. 995, 20 N.W.3d 364 (2025) (waiver is voluntary and intentional relinquishment of known right, privilege, or claim).

[19] See, *Peterson v. Brandon Coverdell Constr.*, 318 Neb. 342, 15 N.W.3d 698 (2025); *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023).

[20] *Swicord v. Police Stds. Adv. Council*, 309 Neb. 43, 958 N.W.2d 388 (2021).

[21] See, U.S. Const. amend. XIV, § 1; Neb. Const. art. I, § 3.

due process of law.[22] Due process does not guarantee an individual any particular form of state procedure.[23] Instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it.[24]

[8] A party appearing in an adjudication hearing before an agency or tribunal is entitled to due process protections similar to those given litigants in a judicial proceeding.[25] In proceedings before an administrative agency or tribunal, procedural due process requires notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board.[26]

The disciplinary proceeding before the Board in this case was not Gay's first. In his prior disciplinary proceeding, Gay was represented by counsel. Even though that proceeding did not progress to a hearing and, instead, terminated in a settlement agreement, Gay was aware that he was able to be represented by counsel before the Board. The notice of hearing also indicated that a hearing would occur on the noticed date or "as soon . . . as *counsel* may be heard." (Emphasis supplied.) Additionally, the petition provided notice that evidence would be taken at the hearing. Gay was presented with opportunities to cross-examine adverse witnesses and to produce evidence and witnesses in his favor. Moreover, Gay was provided notice of the factual basis for the accusations against him and, at the hearing, did not deny the accusations or the evidence before the Board.

---

[22] *Prokop v. Lower Loup NRD*, 302 Neb. 10, 921 N.W.2d 375 (2019).

[23] *Id*.

[24] *Id*.

[25] *Id*.

[26] *Id*.

Cognizant of our standard of review, we cannot conclude that the due process afforded Gay was inappropriate to the nature of the proceeding and the character of the rights affected by it. The district court did not err in concluding that Gay's due process rights were not violated.

## DISCIPLINARY ACTION

We address Gay's final two assignments together because the ground for review in his petition encompasses them both.[27] He argues that the district court erred by failing to consider suitable evidence of Gay's reformation and by adopting the Board's disciplinary action, which revoked his licenses and barred him from reapplying for 5 years. We find no error.

While Gay assigns the court erred by failing to take into account suitable evidence of reform when determining the appropriate disciplinary action to be taken, Gay's argument concedes that the record lacks evidence of any reform. Gay attributes the lack of a record to the fact that he did not have legal representation before the Board. Nevertheless, the district court did not err by failing to take into account evidence that is not in the record.

As for the disciplinary action taken, Gay acknowledges that the disciplinary action is "for his attempt to claim completion of the hours when he, in fact, had failed to do so. The offense committed by Gay[,] therefore, is one of dishonesty."[28] For such dishonesty, Gay contends that a 5-year revocation is "clearly excessive."[29] He argues that his statutory violations were unrelated to his professional work, did not affect the public, and did not bear on his competency to perform architectural services. Gay points out that he acknowledged his mistake in judgment and apologized to the Board, that no evidence

---

[27] Cf., *E.M. v. Nebraska Dept. of Health & Human Servs., supra* note 11; *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015).

[28] Brief for appellant at 16.

[29] *Id.*

was adduced at the hearing indicating an issue with his fitness to continue practicing, and that he cooperated with the Board throughout the proceedings. Gay asserts that the more appropriate disciplinary action would have been to place him on probation and require additional ethics education.

We find no error in the disciplinary action taken in this case. First, under § 81-3444(2)(d), the Board may enter an order of revocation and place limitations on the right of the holder of a license to practice "to such extent, scope, or type of practice for such time . . . as [is] found necessary and proper." The disciplinary action conforms to law.

Second, Gay's violations are supported by ample competent evidence. Not only did he submit fraudulent paperwork once, but when the fraud was discovered, he then chose to submit additional fraudulent paperwork. Gay has admitted these factual allegations and conceded that the evidence speaks for itself.

Finally, we find the disciplinary action taken was neither arbitrary, capricious, nor unreasonable under the circumstances. We disagree with Gay's argument that dishonesty, particularly about matters concerning continuing education, is unrelated to his professional work, does not affect the public, and does not bear on his competency. Like the evidence in this case, the egregiousness of Gay's violations speaks for itself. The Legislature has provided that licensure requires, in part, "[c]ompliance with laws," "[p]rofessional conduct," and "good ethical character standards."[30] Additionally, pursuant to the parties' prior settlement agreement, Gay's earlier violations concerning his competency must be considered. The record shows a continued pattern of Gay's failing to comply with requirements set forth by statute and the Board's code of practice. The disciplinary action taken was not arbitrary, capricious, or unreasonable under the facts of this case.

---

[30] Neb. Rev. Stat. § 81-3434(2) (Reissue 2024).

## CONCLUSION

We find no plain error concerning Gay's procedural due process rights and no errors on the record concerning the disciplinary action imposed in this case. Accordingly, we affirm the judgment of the district court.

Affirmed.

Bergevin, J., concurring.

I agree with the opinion of the court. I write separately to address the notice given to respondents in state agency proceedings.

The notice of hearing issued by the Board notified Gay that a hearing on the petition in his case would occur in a designated location at a scheduled time. That notice certainly complies with the current notice requirements of § 81-3443(3) and 53 Neb. Admin. Code, ch. 4, § 004.08 (1994), and provides the minimum notice that due process requires.

The crux of Gay's due process challenge is that he did not receive prehearing notice concerning the rights and procedures applicable to the proceeding before the Board. While such a notice is not necessary under the U.S. or Nebraska Constitutions, nothing prevents the Nebraska Legislature or the Nebraska Attorney General from requiring notice that provides more than minimum due process.[1]

In my view, requiring state agencies to provide a more thorough prehearing notice, one that advises respondents of the rights and procedures applicable to the particular proceeding, would further ensure a meaningful hearing in all cases.[2]

---

[1] *Frye v. Haas*, 182 Neb. 73, 79, 152 N.W.2d 121, 126 (1967) ("tax procedure provides for more than the minimum requirements of due process").

[2] E.g., *In re Interest of Jordon B.*, 316 Neb. 974, 988, 7 N.W.3d 894, 905 (2024) ("opportunity to be heard must be 'at a meaningful time and in a meaningful manner'"). See *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).